UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FRANKENMUTH MUTUAL INSURANCE COMPANY, | * * * |
| Plaintiff | * * |
| v. | * CIVIL ACTION NO. _____ |
| TURNBERRY HOMES, LLC | * * * |
| Defendant | * |

## COMPLAINT FOR DECLARATORY JUDGMENT

**COMES NOW** Frankenmuth Mutual Insurance Company ("Frankenmuth"), by its attorneys, and files this Complaint for Declaratory Judgment, pursuant to 28 USC §2201, et seq. and Federal Rule of Civil Procedure 57 against the defendant, Turnberry Homes, LLC ("Turnberry") and avers as follows:

### I. PARTIES' JURISDICTION AND VENUE

1. Frankenmuth Mutual Insurance Company is an insurance company incorporated under the laws of the State of Michigan, with its principal place of business located at One Mutual Avenue, Frankenmuth, Michigan 48787. Frankenmuth is thus a citizen and resident of the state of Michigan for the purposes of 28 U.S.C. §1332.

2. The defendant, Turnberry Homes, LLC is a for-profit Tennessee Corporation (hereinafter "Turnberry") and is the named insured in a Commercial package policy (hereinafter "the policy") issued by Frankenmuth and currently exists at 210 Jamestown Park – Suite 102, Brentwood, Tennessee 37027. Turnberry is

therefore a citizen and resident of the State of Tennessee for purposes of 28 U.S.C. §1332. The Registered Agent for Turnberry is Hugh W. Entrekin at 315 Deadrick Street – Suite 1700, Nashville, Tennessee 37238-1700.

3. The defendant, Turnberry, constructed a home located at 1000 Cakebread Court in Franklin, Tennessee 37067. There is currently litigation pending in Williamson County Chancery Court with a case style of <u>Mark A. White, Jr. and Mirandy White v. Turnberry Homes, LLC; Gina Sefton; Larry Taylor; Chase Mortgage; and The Bank of Tennessee</u>. Based on the *ad damnum* stated in the Complaint of the above litigation, the amount in controversy in that action exceeds the value of $75,000.00 exclusive of interest and costs.

4. With this Declaratory Judgment action being between citizens of different states and the amount in controversy being in excess of $75,000.00, it is within the jurisdiction of this Court, pursuant to the provisions of 28 USC §1332 to hear this matter as there exists complete diversity between the parties.

5. Therefore, all parties to this cause are subject to the jurisdiction of this Court; and venue is therefore proper in this Court.

## II.   THE INSURANCE POLICIES

6. At all times relevant hereto, Capital Risk Management Group served as Turnberry's insurance broker.

7. On or about January 1, 2013, Frankenmuth issued a Commercial Package Policy to Turnberry with a Policy No. of 6065876. A certified copy of these policies are attached as <u>Exhibit 1</u>.

## III. THE DISPUTE

8. On June 13, 2014, Turnberry filed a claim with Frankenmuth stemming from the lawsuit <u>Mark A. White, Jr. and Mirandy White v. Turnberry Homes, LLC; Gina Sefton; Larry Taylor; Chase Mortgage; and The Bank of Tennessee</u> filed in the Chancery Court of Williamson County, Tennessee. It is assigned Frankenmuth Claim No. 000100144438.

9. Turnberry requested coverage under the Commercial Package Policy for all the allegations raised in the Plaintiffs' Complaint.

10. The plaintiffs in the State Court action, Mark and Mirandy White, allege that, in December 2012, they contracted with Turnberry to construct a home at 1000 Cakebread Court in Franklin, Tennessee 37067 in the Chardonnay Subdivision. The contract price for this home was $651,543.00.

11. The closing on this home was on June 28, 2013. On the day of the closing, the Whites, while driving by the house, noticed standing water in the front yard, and a representative of Turnberry is alleged to have informed them that they had simply watered the sod in the front yard and that the water was normal. The closing went forward despite this issue.

12. The Whites then began to complain to Turnberry about defects in the home ranging from installation of the roof, to a wall that was bowing out, to condensation in the home.

13. In January of 2014, the Whites contracted with a home inspector to perform an inspection of the home constructed by Turnberry. The home inspector at that time is alleged to have discovered six inches of water in the crawlspace of the

house. The home inspector also found a large drain that had been installed under the house to extricate the water from the premises.

14. This was in addition to the fact that it is alleged that there was standing water in the back yard and grass would never grow due to the fact that the backyard was always damp with run-through water and ground water.

15. The homeowners claim that Turnberry knew or should have known of the water problems of the land and the home and disclosed these issues.

16. The homeowners have accused Turnberry of violating the Tennessee Consumer Protection Act, Fraud in the Inducement, Negligent Misrepresentation, Breach of Contract, Breach of Express and Implied Warranty, Negligence, Gross Negligence and Negligence *Per Se*.

## IV.   RESERVATION OF RIGHTS

17. In a July 18, 2014 letter to Turnberry, Frankenmuth agreed to indemnify and defend Turnberry under a Reservation of Rights.

18. In the same letter, Frankenmuth stated "Frankenmuth expressly reserves the right to seek reimbursement of defense costs paid on your behalf of claims in the pending litigation that are subsequently determined to fall outside the coverage as set forth in the CGL coverage at issue."

## V.   DECLARATORY RELIEF SOUGHT

19. Turnberry seeks coverage under some or all of the Frankenmuth Commercial Policies.

20. Frankenmuth disputes Turnberry's claims for coverage.

21. Frankenmuth contends that there is no insurance coverage for the acts or omissions cited in <u>Mark A. White, Jr. and Mirandy White v. Turnberry Homes, LLC; Gina Sefton; Larry Taylor; Chase Mortgage; and The Bank of Tennessee.</u>

22. The policy contains the following coverages:

> SECTION I - COVERAGES:
>
> c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

23. The policy contained the following definition under Section V (17):

> "Property damage" means:
>
> a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
> b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

24. In addition, or in the alternative, the policy contained the following exclusion concerning expected or intended injury:

> "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to bodily injury resulting from the use of reasonable force to protect persons or property.

25. An actual present and justiciable controversy exists amongst the parties regarding their rights and obligations under the policies of insurance issued by Frankenmuth to Turnberry for the claims that are present in the aforementioned lawsuit.

26. These cited provisions from the policy are not exhaustive and other sections may apply.

## VI. DECLARATORY RELIEF SOUGHT

**WHEREFORE**, Frankenmuth respectfully prays for the following relief:

a. A declaration under the rights and obligations of the parties under the policies of insurance issued by Frankenmuth for claims made by Turnberry in the underlying lawsuit;

b. That the Court declare that no coverage is afforded to Turnberry under the policies for these events;

c. That Frankenmuth America be awarded its discretionary costs; and

d. All other and further relief as the Court deems just and equitable.

Respectfully submitted,

**LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC**

By: /s/ James F. Exum III
**THOMAS A. WILLIAMS,** (TN BPR#: 001688)
**JAMES F. EXUM III,** (TN BPR#: 025377)
Third Floor, Pioneer Building
801 Broad Street
Chattanooga, TN 37402-2621
(423) 265-0214 / (423) 267-6625 [fax]
**Attorneys for Plaintiff**

WE ARE SURETIES FOR COSTS:

LEITNER, WILLIAMS, DOOLEY &
   NAPOLITAN, PLLC

By: /s/ Thomas A. Williams
    THOMAS A. WILLIAMS, Member