# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| FRANKENMUTH MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 3:14-cv-01535 |
| v. | ) Senior Judge Haynes ) |
| TURNBERRY HOMES, LLC, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM

Plaintiff, Frankenmuth Mutual Insurance Company ("Frankenmuth"), a Michigan company with its principal place of business in Michigan, filed this action under the federal diversity jurisdiction statute, 28 U.S.C. § 1332, against Defendant Turnberry Homes, LLC ("Turnberry"), a Tennessee corporation. (Docket Entry No. 1, Complaint at ¶¶ 1-2). Plaintiff seeks declaratory relief under 28 U.S.C. § 2201 to resolve whether the insurance policy issued by Plaintiff to Defendant applies to a state court action that seeks damages against Turnberry. Specifically, Plaintiff seeks the Court's ruling to determine: (1) coverage under the insurance policy, (2) Frankenmuth's duty to defend Turnberry, (3) Frankenmuth's duty to indemnify Turnberry, and (4) Frankenmuth's recovery of litigation costs. In response, Turnberry filed an answer and counterclaim seeking declaratory judgment that the insurance policy covers the underlying state action. (Docket Entry No. 7).

After the initial case management conference on October 6, 2014, the Court granted the parties one week to submit filings on whether the Court should entertain this declaratory action.

Before the Court is Plaintiff's motion requesting the Court to exercise its discretion pursuant to 28 U.S.C. § 2201 to allow this action to proceed. (Docket Entry No. 12). Plaintiff contends that

its complaint presents a justiciable controversy, ripe for determination by this Court, and that this action is Plaintiff's only avenue to obtain discovery to determine the scope of coverage. In its response in opposition (Docket Entry No. 14), Defendant contends that, to avoid inconsistent findings of fact and additional expense, the pending motion should be denied without prejudice pending the outcome of the underlying state court action.

## A. The State Action

In the underlying state court action, in the Chancery Court of Williamson County, Tennessee, Plaintiffs Mark and Mirandy White assert several claims against Turnberry, including violation of the Tennessee Consumer Protection Act, fraud in the inducement, negligent misrepresentation, and breach of contract, all in connection with Turnberry's construction of a home located in Franklin, Tennessee. (Docket Entry No. 1, Complaint at ¶¶ 8-16). As a result, Turnberry tendered a claim for coverage to Frankenmuth. Id. at 9. Frankenmuth agreed to defend and indemnify Turnberry, but the parties dispute whether coverage exists under the relevant policy and whether Frankenmuth can seek reimbursement costs for the defense of Turnberry in the underlying state court action. Id. at 17-19.

On September 16, 2014, the Williamson County Chancery Court granted Turnberry's motion to stay litigation and compel binding arbitration, and referred the underlying state court action, with the exception of the fraudulent inducement claim, to arbitration. (Docket Entry No. 13-1, Williamson County Chancery Court Memorandum and Order). Turberry has subsequently appealed that Order to the Tennessee Court of Appeals. (Docket Entry No. 13-2, Notice of Appeal).

## B. The Federal Action

Although agreeing to indemnify and defend Turnberry in the underlying state court action, Frankenmuth expressly reserved the right to seek reimbursement of defense costs for claims that are

subsequently determined to fall outside the coverage at issue. Plaintiff's complaint alleges that there is not any insurance coverage for the acts or omissions complained of in the underlying state court action. Plaintiff cites the "coverages" section that states, in relevant part:

> "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

(Docket Entry No. 1, Complaint at ¶ 22). Plaintiff also notes that the policy contains the following definition:

> "Property damage" means:
>
> a.  Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
> b.  Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

Id. at ¶ 23. In the alternative, Plaintiff cites the policy's exclusion concerning expected or intended injury:

> "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to bodily injury resulting from the use of reasonable force to protect persons or property.

Id. at ¶ 24.

3

## C. Conclusions of Law

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995). The Supreme Court has "repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" Id. at 287 (citations omitted). Thus, "[u]nder the Declaratory Judgment Act . . . the grant of declaratory judgment is discretionary with the trial court." Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co., 791 F.2d 460, 462 (6th Cir. 1986).

The Sixth Circuit has "held on a number of occasions that a district court should stay or dismiss complaints filed by insurance companies seeking a declaratory judgment as to their underlying state court lawsuits." Travelers Indem. Co. v. Bowling Green Professional Associates, PLC, 495 F.3d 266, 273 (6th Cir. 2007). Moreover, the Sixth Circuit has stated that it "'question[s] the need for . . . declaratory judgments in federal courts when the only question is one of state law and when there is no suggestion that the state court is not in a position to define its own law in a fair and impartial manner.'" Bituminous Cas. Corp. v. J & L Lumber Co., Inc., 373 F.3d 807, 816-17 (6th Cir. 2004) (quoting American Home Assur. Co. v. Evans, 791 F.2d 61, 63 (6th Cir.1986)). Moreover, declaratory judgment actions "'should normally be filed, if at all, in the court that has jurisdiction over the litigation which gives rise to the indemnity problem. Otherwise, confusing

4

problems of scheduling, orderly presentation of fact issues, and res judicata are created.'" Id. at 812 (citation omitted). Of course, there is not "a per se rule against exercising jurisdiction in actions involving insurance coverage questions." Id. at 812-13.

To determine whether to entertain jurisdiction in a declaratory judgment action, the district court should consider whether the judgment "'will serve a useful purpose in clarifying and settling legal relationships in issue' and whether it 'will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" Aetna Casualty & Sur. Co. v. Sunshine Corp., 74 F.3d 685, 687 (6th Cir. 1996) (quoting Grand Trunk W. R.R. Co. v. Consolidated Rail Corp., 746 F.2d 323, 326 (6th Cir. 1984) (internal quotation marks and citation omitted)). Under these two broad principles, the Court considers five factors to determine whether to entertain such an action:

> (1) whether the declaratory action would settle the controversy;
>
> (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;
>
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;"
>
> (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and
>
> (5) whether there is an alternative remedy which is better or more effective.

Scottsdale Ins. Co. v. Flowers, 513 F.3d 546, 554 (6th Cir. 2008) (quoting Grand Trunk, 746 F.2d at 326).

5

To determine the fourth factor, "whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction," the Sixth Circuit has applied three sub-factors that bear on federalism concerns to be considered:

> (1) whether the underlying factual issues are important to an informed resolution of the case;
>
> (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
> (3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common law or statutory law dictates a resolution of the declaratory judgment action.

Travelers, 495 F.3d at 271 (quoting Scottsdale Ins. Co. v. Roumph, 211 F.3d 964, 968 (6th Cir. 2000)).

As to the first two factors, based upon the allegations in the underlying state court action, this Court's view is that a resolution of this federal action would benefit by a more fully developed factual record regarding the process by which the home at issue was built and whether there was intentional misconduct by Turnberry. At this juncture, the Court cannot determine "whether the declaratory action would settle the controversy" or "would serve a useful purpose in clarifying the legal relations in issue." Thus, the Court concludes that these two factors weigh against proceeding in this action.

As to the third factor, "[t]he third factor is meant to preclude jurisdiction for 'declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a "'natural plaintiff'" and who seem to have done so for the purpose of acquiring a favorable forum.'" Flowers, 513 F.3d at 558 (quoting AmSouth Bank v. Dale, 386 F.3d 763, 788 (6th Cir. 2004)). Thus, "[t]he question is . . . whether the declaratory plaintiff has filed in an attempt to get her choice of forum by

filing first." AmSouth, 386 F.3d at 789. Courts "are reluctant to impute an improper motive to a plaintiff where there is no evidence of such in the record." Flowers, 513 F.3d at 558 (citations omitted). The Sixth Circuit has noted that "when the plaintiff has filed his claim after the state court litigation has begun, we have generally given the plaintiff 'the benefit of the doubt that no improper motive fueled the filing of [the] action.'" Id. at 558 (quoting Bituminous, 373 F.3d at 814). Therefore, "[a] district court should not deny jurisdiction to a plaintiff who has not 'done any more than choose the jurisdiction of federal rather than state court, a choice given by Congress.'" Id. (citation omitted). Here, there is not any evidence of an improper motive, and the Court concludes that this factor weighs in favor of Plaintiff.

For the fourth factor and its first two sub-factors, the Court concludes that the state court's (or arbitrator's) resolution of the underlying factual disputes, including allegations of intentional misconduct on the part of Turnberry, is necessary for this Court to reach an informed resolution of the declaratory judgment and that the state trial court (or arbitrator) is in a better position to evaluate those factual disputes.

The third sub-factor "focuses on whether the issue in the federal action implicates important state policies and is, thus, more appropriately considered in state court." Flowers, 513 F.3d at 561. The Sixth Circuit has noted that the "issues of 'insurance contract interpretation are questions of state law'" in which state courts are more familiar and in a better position to resolve. Travelers, 495 F.3d at 273 (quoting Bituminous, 373 F.3d at 815). The Sixth Circuit has observed that "'[s]tates regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulation.'" Bituminous,

373 F.3d at 815 (quoting Allstate Ins. Co. v. Mercier, 913 F.2d 273, 279 (6th Cir. 1990)). Accordingly, the Court concludes that this factor weighs against proceeding in this action.

As to the final factor, "whether there is an alternative remedy which is better or more effective," a party can seek declaratory judgment in Tennessee state courts. Tenn. Code. Ann. §§ 29-14-101 to 29-14-113. "Given that the issues presented involve questions of state law only, the state court is also in a superior position to resolve the case." Bituminous, 373 F.3d at 816 (noting that a superior alternative remedy also existed in the form of an indemnity action filed at the conclusion of the underlying state action). Moreover, this action "is in federal court based on diversity jurisdiction, there is no federal question involved, and the federal court is applying state law." West American Ins. Co. v. Prewitt, 208 F.App'x 393, 400 (6th Cir. 2006). Yet, here, the underlying state court action, with the exception of the fraudulent inducement claim, has been referred to arbitration, to which Plaintiff is not a party. Thus, Plaintiff may not seek redress in the underlying arbitration. See Nationwide Mut. Ins. Co. v. Home Ins. Co., 330 F.3d 843, 846-47 (6th Cir. 2003) (noting that "an arbitration panel may not determine the rights or obligations of non-parties to the arbitration." (citations omitted)). In addition, the Chancery Court's Order referring all but the fraudulent inducement claim to arbitration is now on appeal before the Tennessee Court of Appeals. Thus, at present, there is not any alternative remedy available to Plaintiff to obtain the relief sought. Accordingly, the Court concludes that this factor weighs in Plaintiff's favor.

Finally, although Plaintiff acknowledges that the Court must consider these five factors under Grand Trunk, Plaintiff contends that it will suffer prejudice if this action is dismissed, as this Court is the only avenue by which it can develop discovery to determine if there is coverage under the facts of the case.

Yet, in light of the pending state court appeal, as well as the relevant factual determinations discussed supra, the Court concludes that this action should be stayed pending resolution of the underlying state court action. "Consistent with the nonobligatory nature of the [declaratory judgment] remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close." Wilton, 515 U.S. at 288. The Supreme Court has noted that "where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." Id. at n.2; Carroll v. City of Mount Clemens, 139 F.3d 1072 (6th Cir. 1998) (concluding that Younger abstention applied to a federal action seeking only monetary damages and remanding action to the district court to stay those claims under Younger); Liberty Mut. Fire Ins. Co. v. Bohms, No. 1:10-cv-1158, 2011 WL 3268608, n.5 (W.D. Mich. July 29, 2011) ("The Supreme Court has noted that, when a district court declines the exercise of declaratory judgment jurisdiction to allow parties to pursue other remedies, a stay will often be preferable to dismissal as that would allow the federal action to proceed even if a state case is time-barred." (citing Wilton, 515 U.S. at 288)).

Accordingly, the Court concludes that Plaintiff's motion requesting the Court to exercise its discretion pursuant to 28 U.S.C. § 2201 (Docket Entry No. 12), should be denied without prejudice.

An appropriate order is filed herewith.

ENTERED this the 16 day of January, 2015.

William J. Haynes, Jr.
Senior United States District Judge